IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>ROGER WAYNE BAILEY<br><br>Defendant, | MEMORANDUM DECISION AND ORDER<br><br>Judge Dee Benson<br><br>Case No. 2:07-CR-921 DB |

On October 10, 2007, Mt. Pleasant police officers obtained a search warrant authorizing them to search the premises located at 537 South 500 West, Mount Pleasant, Utah (the "Bailey/Vandetta residence").  While the defendant, Roger Wayne Bailey, does not dispute that the warrant was valid on its face, he does allege that the two officers who submitted the affidavits providing probable cause "intentionally, or with reckless disregard for the truth, omitted material information from, or included false information in, the affidavits." Accordingly, Mr. Bailey has moved this Court to hold a *Franks* hearing on the issue.  *See Franks v. Delaware*, 438 U.S. 154 (1978).  As discussed below, the Court finds that the warrant contains sufficient content to support a finding of probable cause even if the Court set aside the allegedly false information.  As such, Mr. Bailey's motion for a *Franks* Hearing is DENIED.

## BACKGROUND

On September 30, 2007, Officer Daniel Mower responded to a domestic problem at the Bailey/Vandetta residence. Upon arrival, Mr. Bailey indicated that he had just had a violent dispute with Deanna Vandetta, his live-in girlfriend of more than four years. According to Mr. Bailey, Ms. Vandetta "went crazy," started hitting him, and then left the residence upon hearing that police officers had been called.

Officer Mower's investigation did not end September 30, 2007, however. The following day, Officer Mower conducted a search that revealed Ms. Vandetta was a convicted felon. Additionally, on October 8, 2007, Officer Mower spoke with Linda Allen-Metcalf of BCI. Ms. Allen-Metcalf confirmed that Ms. Vandetta was a convicted felon and also indicated that Mr. Bailey was a convicted felon. Importantly, a conversation between Officer Mower and Mr. Bailey that same day revealed that the Bailey/Vandetta residence contained a number of firearms, including an SKS, an AK47, a military sniper rifle, and an antique shotgun.

Mt. Pleasant police officers were not strangers to the Bailey/Vandetta residence. Approximately two years before the September 30, 2007, call, Officer Mower responded to the Bailey/Vandetta residence based on a burglary complaint. Additionally, Officer Steve Mondragon responded to a domestic dispute in October 2007. During each of these incidents, officers learned that the residence contained firearms. During Officer Mower's visit to the home in September of 2005, he states that he personally saw several hunting/assault type rifles in Mr. Bailey's and Ms. Vandetta's bedroom. Upon arrival at the Bailey/Vandetta residence on October 2, 2007, Mr. Bailey told Officer Mondragon that a bedroom-safe contained several

firearms.  Mr. Bailey stated that he kept the only key to the safe on a chain around his neck; he also admitted that multiple firearms were currently located in his vehicle.

As a result of the above events, and following a discussion between Officers Mower and Mondragon, a search warrant was sought for the Bailey/Vandetta residence.  In order to obtain this warrant, Officer Mower and Officer Mondragon each signed sworn affidavits.  Officer Mower's affidavit stated that (1) Mr. Bailey and Ms. Vandetta were both convicted felons, (2) Mr. Bailey and Ms. Vandetta cohabited in the residence for at least four years, (3) the residence contained firearms, including an SKS, an AK47, an antique shotgun, and a military sniper rifle, (4) he had seen several hunting/assault type rifles in Mr. Bailey's and Ms. Vandetta's bedroom in 2005, and (5) Mr. Bailey claimed that the firearms were kept in a locked safe to which he had the only key.  Officer Mondragon's affidavit recited essentially these same facts, and also asserted that on October 2, 2007, Mr. Bailey informed him that some of his firearms were presently located outside of his safe and within his vehicle.  Based upon these two affidavits, a search warrant was issued, the Bailey/Vandetta residence was searched, and Mr. Bailey was charged with illegal possession of a stolen firearm, possession of an unregistered sawed-off rifle, possession of an unregistered silencer, and possession of a firearm with an obliterated serial number.

On May 16, 2008, Mr. Bailey filed the instant motion essentially challenging the validity of the search warrant.  Mr. Bailey contends that the affidavits submitted by Officers Mower and Mondragon contain known falsehoods and/or material omissions.  Most importantly, Mr. Bailey disputes the allegations that he is a convicted felon, and also claims that Officers Mower and

Mondragon should have known that he was not a felon.  As such, Mr. Bailey claims he is entitled to an evidentiary hearing under *Franks* to determine whether the warrant authorizing the search of the Bailey/Vandetta residence was issued in reliance on false affidavits.  Mr. Bailey does not dispute, however, that Ms. Vandetta is indeed a convicted felon, that the Bailey/Vandetta residence housed firearms, and that on at least one occasion while Ms. Vandetta was present at the residence, firearms were not securely inside the safe but were rather in Mr. Bailey's vehicle.

## **DISCUSSION**

Generally, affidavits supporting search warrants are presumed to be valid.  *Franks*, 438 U.S. at 171.  In limited circumstances, however, the Fourth Amendment requires an evidentiary hearing to consider their validity.  *Id.* at 155–56.  To obtain a so-called *Franks* hearing, a significant burden must be met by the defendant.  *See id.*  First, a criminal defendant must make "a substantial preliminary showing" that the affiant knowingly, intentionally, or recklessly included a false statement within his or her affidavit.  *Id.*  Second, upon making such a showing, a criminal defendant must also show that without the allegedly false material a judge's finding of probable cause would not be supported by the remaining material in the affidavit.  *See id.* at 156.  In this case, Mr. Bailey cannot meet this burden.

The thrust of Mr. Bailey's argument is that (1) he is not a convicted felon, and (2) Officers Mower and Mondragon should have known that he is not a convicted felon.  But whether Mr. Bailey's contentions are accurate in this regard is irrelevant.  After setting aside the allegations that Mr. Bailey is a convicted felon, the affidavits still attest to the following:  (1)

Ms. Vandetta is a convicted felon, (2) Ms. Vandetta and Mr. Bailey jointly reside in the same residence, (3) firearms are located within the residence, and (4) the firearms are not always secured in the safe.  Despite Mr. Bailey's contentions concerning the allegedly false material, these facts remain sufficient to support a magistrate's finding of probable cause.

While it is impossible to precisely define what is meant by the term probable cause, "the substance of all the definitions of probable cause is a reasonable ground for belief of guilt," based on the totality of the circumstances.  *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)) (internal quotations omitted).  In other words, probable cause is concerned with nontechnical probabilities and "the factual and practical considerations of everyday life" that are relied upon by "reasonable and prudent [people], not legal technicians."  *Pringle*, 540 U.S. at 370–71 (quoting *Illinois v. Gates*, 462 U.S. 213, 231 (1983)) (internal quotations omitted).  This means that standards such as proof beyond a reasonable doubt or by a preponderance of the evidence are irrelevant to a probable cause analysis.  *Id.* at 371 (quoting *Gates*, 462 U.S. at 235) (internal quotations omitted).

Based on this fluid standard and the remaining material in the affidavits, the pertinent question before the Court is whether a magistrate could find probable cause for believing that Ms. Vandetta, a convicted felon, had actual or constructive possession of firearms.  When looking at factual and practical considerations, a reasonable and prudent person could certainly find probable cause.  First of all, Mr. Bailey and Ms. Vandetta shared a common residence for over 4 years, and the firearms were located within the couple's shared bedroom.  While Mr. Bailey seems to suggest that his possession of the only key to the safe made it impossible for Ms.

Vandetta, a convicted felon, to possess the firearms, a reasonable inference based on the couple's living arrangement and relationship is that Ms. Vandetta could gain possession of the key.

Moreover, Mr. Bailey admitted that the firearms were not always located in the safe. As reflected in Officer Mondragon's affidavit, Mr. Bailey told Officer Mondragon that at the time of his visit to the residence, some of the firearms were located in his vehicle. Due to the couple's relationship and living arrangement, a reasonable person could conclude that Ms. Vandetta was aware of and had access to the firearms when they were not within the safe.

Based upon the above facts, as asserted in the affidavits of Officers Mower and Mondragon, a magistrate could find probable cause to believe that Ms. Vandetta was breaking the law and a search of the Bailey/Vandetta residence was appropriate. Indeed, all that is required to sustain a constructive possession conviction is a plausible inference that a restricted person had knowledge of and access to a weapon. *United States v. Ledford*, 443 F.3d 702, 714 (10th Cir. 2005). The affidavits in this case support such a belief even after setting aside the challenged statements concerning Mr. Bailey's criminal history.[1] Accordingly, the judge's probable cause finding remains supported by the affidavits, Mr. Bailey has not his burden, and his motion for a *Franks* hearing is DENIED.

---

[1] Mr. Bailey also contends that "Officer Mower seriously misrepresented the facts of the [2005] investigation . . . by stating that he had seen 'several hunting/assault type rifles' in the bedroom of the home when, in reality, he had seen a gun safe and had been told that guns were kept in the safe." Mr. Bailey's Motion at p. 5. While ultimately the only evidence of such misrepresentation is a conflict between Officer Mower's affidavit and an affidavit submitted by Mr. Bailey, resolving this issue is not necessary. Even assuming that Mr. Bailey's version is accurate, a finding of probable cause is still reasonable. The substance of the information in Officer Mower's affidavit is simply that the home contained firearms. While the affidavit does attempt to identify another instance where the firearms were not located securely within the safe, there is other sufficient undisputed evidence concerning Ms. Vandetta's access to the firearms to support a finding of probable cause.

IT IS SO ORDERED.

Dated this 6th day of October, 2008.

_____
Dee Benson
United States District Judge